EXHIBIT 3-C

# ADDENDUM TO PROMISSORY NOTE
# FOR USE WITH MAIN STREET MSNLF OR MSPLF LOANS

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $35,000,000.00 | 12-22-2020 | 12-22-2025 | [redacted]7794 | 4A / 00 | | DMP | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** GREENBRIER HOTEL CORPORATION (TIN: [redacted]2133)
101 MAIN STREET W
WHITE SULPHUR SPRINGS, WV 24986

**Lender:** FIRST GUARANTY BANK
Denham Springs Banking Center
2231 South Range Avenue
Denham Springs, LA 70726
(225) 791-7964

This Addendum (this "Addendum") is attached to and made a part of that certain Promissory Note dated December 22, 2020 (the "Note"), executed by the above named Borrower ("Borrower") payable to the order of First Guaranty Bank, a Louisiana banking corporation ("Lender").

1. DEFINITIONS. Whenever used in this Addendum, words and phrases defined in the Note shall have the same respective meanings therein ascribed to them. In addition, the following words have the indicated meanings:

"Business Day" means any day other than a Saturday, a Sunday, or a day on which commercial banks in Hammond, Louisiana are required or authorized to be closed.

"Indebtedness" means individually, collectively and interchangeably, any and all present and future loans, advances, and/or other extensions of credit obtained and/or to be obtained by Borrower from Lender, as well as Lender's successors and assigns and their respective commonly controlled affiliates, from time to time, one or more times, now and in the future, under any and all promissory notes evidencing such present and/or future loans, advances, and/or other extensions of credit, including without limitation the Note, and any and all amendments thereto and/or substitutions therefor, and any and all renewals, extensions and refinancings thereof, as well as any and all other obligations, including, without limitation, Borrower's covenants and agreements in any present or future loan or credit agreement or any other agreement, document or instrument executed by Borrower and liabilities that Borrower may now and/or in the future owe to and/or incur in favor of Lender, whether direct or indirect, or by way of assignment or purchase of a participation interest, and whether related or unrelated, or whether committed or purely discretionary, and whether absolute or contingent, liquidated or unliquidated, voluntary or involuntary, determined or undetermined, due or to become due, and whether now existing or hereafter arising, or otherwise secured or unsecured, whether Borrower is obligated alone or with others on a "solidary" or "joint and several" basis, as a principal obligor or as a surety, guarantor, or endorser, of every nature and kind whatsoever.

"Lien" means individually, collectively and interchangeably any and all presently existing and/or future mortgages, liens, privileges and other contractual and/or statutory security interests and rights, of every nature and kind, whether in admiralty, at law, or in equity.

"Related Documents" means all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

2. CONDITIONS TO BORROWING. Notwithstanding the execution and delivery of the Note, and notwithstanding any contrary provision of the Note or other Related Documents, it shall be a condition precedent to Lender's obligation to fund the Note and to extend credit to Borrower that Lender shall have received a commitment letter from MS Facilities LLC that it will purchase a participation interest in the Note in an amount equal to 95% of the principal face amount of the Note.

3. NO CONTRACTUAL SUBORDINATION. Any provision of the Note or Related Documents that would otherwise cause the Note to be contractually subordinated to any other debt, whether in or outside of bankruptcy, is hereby deleted.

4. NEGATIVE PLEDGE. Borrower covenants that, for so long as the Note is outstanding, Borrower will not, nor will it permit any subsidiary to, create, incur, assume or suffer to exist any Lien upon any of its property, assets or revenues, whether now owned or hereafter acquired, securing any debt for borrowed money or any obligations evidenced by a bond, debenture, note, loan agreement or other similar instrument, or any guarantee of the foregoing, other than the following:

(a) Liens securing obligations under the Note and other Indebtedness in favor of Lender;

(b) Liens on real property in connection with loans with respect to which substantially all of the proceeds were used for acquisition, construction, fit-out, and/or renovation of the property; or

(c) Liens on receivables assets and related assets incurred in connection with a receivables facility, provided that such debt is secured only by the newly acquired property.

5. MANDATORY PREPAYMENT PROVISION. If, on any date (such date, a "Trigger Date"), the Board of Governors of the Federal Reserve System or a designee thereof has, after consultation with Lender, notified Lender in writing that the Borrower has materially breached, made a material misrepresentation with respect to or otherwise failed to comply with certifications in Section 2 (CARES Act Borrower Eligibility Certifications and Covenants) or Section 3 (FRA and Regulation A Borrower Eligibility Certifications) of the Borrower Certifications and Covenants in any material respect or that any such certification has failed to be true and correct in any material respect, then Lender shall promptly so notify the Borrower and the Borrower shall, no later than two (2) Business Days after such Trigger Date, prepay the Note in full, along with any accrued and unpaid interest thereon.

6. CROSS-ACCELERATION PROVISION. In addition to the various Events of Default described in the Note and other Related Documents, the occurrence of the following shall constitute an Event of Default, giving Lender the right, without the necessity of giving notice to the Borrower or affording Borrower any opportunity to cure, to exercise all rights and remedies provided in the Note and other Related Documents or otherwise available under applicable law:

If (i) Borrower or any of its subsidiaries shall fail to make any payment when due (whether by scheduled maturity, required prepayment, acceleration, demand, or otherwise) in respect of any Indebtedness (other than Indebtedness under the Note) owing to Lender or any commonly controlled affiliate of Lender, in each case beyond the applicable grace period with respect thereto, if any; or (ii) Borrower or any of its subsidiaries shall fail to observe or perform any other agreement or condition relating to any such Indebtedness or contained in any instrument or agreement evidencing, securing or relating thereto, or any other event occurs, the effect of which failure to make a payment, default or other event described in clause (i) or (ii) is to cause such Indebtedness to become due or to be repurchased, prepaid, defeased or redeemed (automatically or otherwise), or an offer to repurchase, prepay, defease or redeem such Indebtedness to be made, prior to its stated maturity; provided that clause (ii) shall not apply to secured Indebtedness that becomes due as a result of the voluntary sale or transfer of the property or assets securing such Indebtedness, if such sale or transfer is permitted under the Related Documents and under the documents providing for such Indebtedness and such Indebtedness is repaid when required under the documents providing for such Indebtedness.

7. FINANCIAL REPORTING COVENANT. In addition to any financial reporting required under the terms of the Note or Related Documents, Borrower covenants that, as soon as available, but in any event within 60 days after the end of each fiscal quarter of Borrower, Borrower shall deliver to Lender financial reporting in a form and substance reasonably acceptable to Lender setting forth the financial information, and where applicable reasonably detailed calculations of the required data, set forth in Appendix C: Required Financial Reporting attached to this Addendum as at the end of such fiscal quarter of Borrower, which financial reporting and calculations, in each case, shall be true and accurate in all material respects and, where applicable, present fairly in all material respects the financial condition of Borrower for the period covered thereby in accordance with generally accepted accounting principles, consistently applied.

8. PREPAYMENT. The Note may be prepaid, in whole or in part, at any time without penalty. Provided that Borrower is not in default under the Note at the time of prepayment, all principal amounts prepaid shall be applied to the next maturing principal installments of the Note in the order of their maturity. If Borrower is in default under the Note at the time of any prepayment, Lender shall have the right to apply the prepayment in such order as Lender may in its sole discretion elect.

9. MISCELLANEOUS CHANGES TO NOTE. The Note to which this Addendum is attached is amended by (i) deleting the word "simple" from the paragraph of the Note entitled "PROMISE TO PAY"; and (ii) deleting the words "Subject to any payment changes resulting from changes in the Index" at the beginning of the paragraph of the Note entitled "PAYMENT".

10. INCORPORATION INTO RELATED DOCUMENTS; CONTINUATION OF NOTE. The provisions of this Addendum are hereby incorporated into each of the Related Documents. In the event of any inconsistency or conflict between this Addendum and the provisions of any of the Related Documents, this Addendum shall control. Except as modified in this Addendum, all provisions of the Note shall remain in full force and effect. This Addendum shall prevail over any conflicting term or provision of the Note.

11. SEVERABILITY. If any provision of this Addendum is held to be illegal, invalid or unenforceable under present or future laws effective during the term of the Note, such provision shall be fully severable. This Addendum shall be construed and enforceable as if the illegal,

invalid or unenforceable provision had never comprised a part of it, and the remaining provisions of this Addendum shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance herefrom. Furthermore, in lieu of such illegal, invalid or unenforceable provision, there shall be added automatically as a part of this Addendum, a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible and legal, valid and enforceable.

IN WITNESS WHEREOF, Borrower has executed this Addendum, on and as of the date of execution of the Note in order to bind itself by all of the foregoing and to mark this Addendum for identification with the Note.

ATTACHMENT

BORROWER:

GREENBRIER HOTEL CORPORATION

By: ______________________________
JILLEAN LEIGH JUSTICE, President/Director of GREENBRIER HOTEL CORPORATION

LENDER:

FIRST GUARANTY BANK

X ______________________________
Dev M. Patel, Assistant Vice President

LaserPro, Ver. 20.2.0.043 Copr. Finastra USA Corporation 1997, 2020. All Rights Reserved. - LA C:\LOANS\CFI\LPL\G60.FC TR-91805 PR-174