**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| FIRST GUARANTY BANK,<br><br>Plaintiff,<br><br>v.<br><br>GREENBRIER HOTEL, LLC,<br><br>Defendant. | Case No.: 5:25-cv-00687<br>Hon. Frank W. Volk, Chief Judge |

# FIRST GUARANTY BANK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND THE JUDGMENT ORDER TO REFLECT THE JUDGMENT AMOUNT AND TO SET A BRIEFING SCHEDULE FOR ATTORNEYS' FEES AND COSTS


**JACKSON KELLY PLLC**
Seth P. Hayes, Esq. (WVSB #10381)
M. Shane Harvey (WVSB# 6604)
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
shayes@jacksonkelly.com
sharvey@jacksonkelly.com

and

**HERRICK FEINSTEIN LLP**
Sean E. O'Donnell
Elizabeth Plowman
Timothy M. Whitteaker
Hiren Patel
Two Park Avenue
New York, NY 10016
(212) 592-1400
*pro hac vice* applications pending

and

**SCHLOSSBERG MASTRO**
Roger Schlossberg (WVSB # 7367)

Frank J. Mastro, admitted *pro hac vice*
P.O. Box 2067
Hagerstown, MD 21742
rschlossberg@schlosslaw.com
fmastro@schlosslaw.com
(301) 739-8610

*Counsel for Plaintiff First Guaranty Bank*

# TABLE OF CONTENTS

| | Page |
|---|---|
| ARGUMENT | 1 |
| CONCLUSION | 2 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gaebel v. United States Polo Ass'n*,
No. 1:22-CV-141, 2024 WL 3272621 (E.D. Va. June 14, 2024), *appeal dismissed*, No. 24-1593, 2024 WL 5277352 (4th Cir. Aug. 8, 2024)........................................2

*Int'l Controls Corp. v. Vesco*,
535 F.2d 742 (2d Cir. 1976)..........................................................................................1

*Jefferies Strategic Invs., LLC v. Weiss*,
No. 24 CIV. 4369 (AKH), 2025 WL 1445744 (S.D.N.Y. May 20, 2025), *aff'd*, No. 25-914-CV, 2026 WL 1145914 (2d Cir. Apr. 28, 2026) ....................................................1


**Other Authorities**

Fed. R. Civ. P. 54..........................................................................................................3

Fed. R. Civ. P. 59..........................................................................................................2

Fed. R. Civ. P. 60..........................................................................................................2

## ARGUMENT

On November 18, 2026, the Court issued its Memorandum Opinion and Order granting summary judgment to Plaintiff First Guaranty Bank ("FGB") on its claim for breach of contract against Defendant Greenbrier Hotel, LLC ("Greenbrier") and dismissing Greenbrier's sole counterclaim. (*See* ECF 96 (the "Opinion") at 9-10). The same day, the Court issued a Judgment Order dismissing the case and striking it from the docket. (*See* ECF 97 (the "Judgment Order")). The Judgment Order does not reflect the judgment amount (*see id.*)—including additional interest incurred since August 19, 2026. (Aff. of Jane Muehlbauer dated November 20, 2026 ("Nov. Muehlbauer Aff.") ¶¶ 5-6).

The lack of a judgment amount in the Judgment Order could lead to enforcement issues. *See Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 744, 748 (2d Cir. 1976) (remanding for further proceedings concerning enforcement of default judgments that did not specify damages, noting that "a judgment cannot be considered final as long as it leaves open the question of additional damages"); *see also Jefferies Strategic Invs., LLC v. Weiss*, No. 24 CIV. 4369 (AKH), 2025 WL 1445744, at *1 (S.D.N.Y. May 20, 2025) (granting motion to correct judgment to "to specify the precise amount owed and prescribe interest"), *aff'd*, No. 25-914-CV, 2026 WL 1145914 (2d Cir. Apr. 28, 2026). FGB's summary judgment motion also explained that FGB was entitled to continuing-to-accrue interest on the unpaid principal at the default rate of 21.00% *per annum*, or $20,626.901989167 *per diem* (*e.g.*, Affidavit of Jane Muehlbauer dated August 19, 2026 (ECF 71-1) ¶ 9; Nov. Muehlbauer Aff. ¶ 4)—as did the Court's Opinion (ECF 96, at 3).

And a case dismissal would prevent FGB from moving for its attorneys' fees and costs—which FGB's motion for summary judgment said would be sought pursuant to Rule[1] 54(d)(2).

[1] "Rule" means the Federal Rule of Civil Procedure.

(FGB's Mot. Summ. Judgment (ECF 72) ¶¶ 10, 10 n.1). The Court's Opinion also explained that FGB sought attorneys' fees, costs, and continuing interest. (*See* Opinion (ECF 96) at 3).

Under Rule 59(e), a party may move to alter or amend a judgment no later than 28 days after entry of the judgment. Under Rule 60, the Court "may correct a clerical mistake or a mistake arising from oversight or omission" in any judgment, Fed. R. Civ. P. 60(a), and it may relieve a party from a final judgment due to mistake, inadvertence, or any other reason that justifies relief, Fed. R. Civ. P. 60(b)(1), (6); *see also Gaebel v. United States Polo Ass'n*, No. 1:22-CV-141 (LMB/JFA), 2024 WL 3272621, at *1 (E.D. Va. June 14, 2024) (granting Rule 60(b)(6) motion to reopen a judgment to award attorneys' fees under Rule 54(d)), *appeal dismissed*, No. 24-1593, 2024 WL 5277352 (4th Cir. Aug. 8, 2024).

FGB accordingly requests that, pursuant to Fed. R. Civ. P. 59(e) or 60(b), the Court amend the Judgment Order to: (i) reflect the judgment amount, including interest through the date of this motion (November 20, 2026); and (ii) set a briefing schedule for FGB's motion for attorneys' fees and costs. A Proposed Amended Judgment Order is attached to FGB's accompanying motion. As of November 20, 2026, the judgment amount is $54,298,118.92, comprised of $35,360,403.41 in principal, $18,933,215.51 in accrued interest, and $4,500 in late fees, plus attorneys' fees and costs and interest continuing to accrue at a default rate of 21.00% *per annum* or $20,626.901989167 *per diem*. *See* Nov. Muehlbauer Aff. ¶ 6.

## CONCLUSION

FGB is entitled to all outstanding principal, interest incurred until payment (at the default rate), late fees, and reasonable attorneys' fees and costs (with fees capped at 25% of the outstanding principal). But the Judgment Order does not reflect the judgment amount, and a case dismissal would leave FGB without means to recover its attorneys' fees and costs. FGB therefore respectfully asks that the Court amend the Judgement Order to: (i) reflect the judgment amount,

including interest through the date of this motion (November 20, 2026); and (ii) set a briefing schedule for FGB's motion for attorneys' fees and costs under Rule 54(d).

Dated: November 20, 2026

Respectfully submitted,

**FIRST GUARANTY BANK**

By counsel,

*/s/ Seth P. Hayes*


Seth P. Hayes, Esq. (WVSB #10381)
M. Shane Harvey (WVSB# 6604)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O. Box 553
Charleston, WV 25301-3202
shayes@jacksonkelly.com
sharvey@jacksonkelly.com

and

HERRICK FEINSTEIN LLP
Sean E. O'Donnell
Elizabeth Plowman
Timothy M. Whitteaker
Hiren Patel
Two Park Avenue
New York, NY 10016
(212) 592-1400
*pro hac vice* applications pending

and

SCHLOSSBERG MASTRO
Roger Schlossberg (WVSB # 7367)
Frank J. Mastro, admitted pro hac vice
P.O. Box 2067
Hagerstown, MD 21742
rschlossberg@schlosslaw.com
fmastro@schlosslaw.com
(301) 739-8610

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November 2026, I served a copy of First Guaranty Bank's Memorandum of Law in Support of its Motion to Amend the Judgment Order to Reflect the Judgment Amount and to Set a Briefing Schedule for Attorneys' Fees and Costs, all exhibits and declarations thereto, and the supporting memorandum of law upon all counsel of record electronically via CM/ECF.

*/s/ Seth P. Hayes*
Seth P. Hayes